```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION


WILLIAM R. WRIGHT, et al.,

        Plaintiffs,

     vs.                          Civil Action 2:12-cv-409
                                  Judge Economus
                                  Magistrate Judge King

STATE FARM FIRE AND CASUALTY
COMPANY,

        Defendant.
```

## OPINION AND ORDER

### I. Background

Plaintiffs William R. Wright and Jayde Wright ("plaintiffs") seek compensatory and punitive damages in connection with the refusal by defendant State Farm Fire and Casualty Company ("defendant") to replace plaintiffs' roof following a windstorm that occurred on February 28, 2011. *First Amended Complaint* ("*Amended Complaint*"), Doc. No. 32, ¶ 13, p. 5; *Defendant State Farm Fire and Casualty Insurance Co.'s Answer to Plaintiffs' First Amended Complaint* ("*Answer*"), Doc. No. 33, ¶ 9.

By virtue of their ownership of a residence in Muirfield Village, plaintiffs are members of the Muirfield Homeowners Association ("MHA"). *Amended Complaint*, ¶ 3; *Answer*, ¶ 2. The MHA imposes certain restrictions on members through the Muirfield Design Control Committee, which promulgated the Muirfield Design Standards. *Amended Complaint*, ¶ 5. One of the Muirfield Design Standards requires that "[a]ny roof that needs repair must be re-roofed in entirety. Partial

or patch roofing is not permitted." *Id*. The MHA's deed restrictions are recorded on the deed records of the Franklin County Recorder, and apply to plaintiffs' home. *Id.*

Plaintiffs purchased a homeowner's insurance policy from defendant, effective for the period December 3, 2010 through December 3, 2011, through the Mike McClaskie Agency, Inc. *Amended Complaint*, ¶¶ 2, 6; *Answer*, ¶ 6. The policy covers, *inter alia*, "accidental direct physical loss to the dwelling used principally as a private residence." *Amended Complaint*, ¶ 9.

Plaintiffs filed a claim for roof damage with defendant the day after the February 29, 2011 windstorm. *Amended Complaint*, ¶ 13; *Answer*, ¶ 9. Defendant sent plaintiffs a check in the amount of $747.03 for the repair of the roof damage. *Amended Complaint*, at ¶ 15; *Answer*, ¶ 11.

Plaintiffs sought a waiver from the MHA that would allow plaintiffs to repair, not replace, the roof. *Amended Complaint*, ¶ 17; *Answer*, ¶ 13. Referring to the Muirfield Design Standards, the MHA denied this request. *Id.* Plaintiffs thereafter requested that defendant pay the $47,055.09 cost of replacing the roof. *Amended Complaint*, ¶¶ 18, 20. Defendant refused that request and then declined to renew plaintiffs' homeowner's insurance policy on the policy's December 3, 2011 renewal date. *Id.* at ¶ 18.

Plaintiffs filed this action in the Franklin County Court of Common Pleas and the action was thereafter removed to this Court on the basis of diversity jurisdiction. *Notice of Removal*, Doc No. 1, p.

2

1. The *Amended Complaint* asserts claims of breach of contract, misrepresentation and bad faith. *Amended Complaint*, ¶¶ 21-25.

This matter is now before the Court on plaintiffs' *Motion for Order Compelling Defendant to Produce Requested Documents and For Sanctions* ("*Motion to Compel*"), Doc. No. 37.  By that motion, plaintiffs ask that defendant be required to further respond to certain interrogatories and requests for production of documents.

**II. Standard**

Rule 26(b) of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Relevance for discovery purposes is extremely broad. *Miller v. Fed. Express, Corp.,* 186 F.R.D. 376, 383 (W.D. Tenn. 1999). "The scope of examination permitted under Rule 26(b) is broader than that permitted at trial. The test is whether the line of interrogation is reasonably calculated to lead to the discovery of admissible evidence." *Mellon v. Cooper-Jarrett, Inc.,* 424 F.2d 499, 500-01 (6th Cir. 1970) (citations omitted).  Determining the proper scope of discovery falls within the broad discretion of the trial court. *Lewis v. ACD Bus. Servs., Inc.,* 135 F.3d 389, 402 (6th Cir. 1998).

Rule 37 of the Federal Rules of Civil Procedure authorizes a motion to compel discovery when a party fails to answer interrogatories submitted under Rule 33 or to provide proper response to requests for production of documents under Rule 34. The proponent of a motion to compel bears the burden of proving that the information sought is relevant. *Gruenbaum v. Werner Enters., Inc.*, No. 2:09-CV-

0141, 270 F.R.D. 298, 302 (S.D. Ohio Oct. 7, 2010). The rule expressly provides that "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).

The party moving to compel discovery must certify, however, that it "has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). *See also* S.D. Ohio Civ. R. 37.2. This prerequisite has been met in this case.

### III. Discussion

Plaintiffs' *Motion to Compel* contends, first, that defendant's response to Interrogatory No. 2 is inadequate. That interrogatory asks, "Did State Farm have knowledge of Muirfield's deed restrictions on or before it issued" the policy? *Id.* at p. 2. In response, defendant, *inter alia*, referred to the deposition testimony of its claim team manager, Mike Seebauer, who conceded knowledge of Muirfield's design standards prior to issuance of the policy. *Defendant State Farm Fire and Casualty Company's Memorandum in Opposition to Plaintiffs' Motion for Order Compelling Defendant to Produce Requested Documents and for Sanctions and Defendant's Request for Oral Hearing* ("*Defendant's Memorandum in Opposition*"), Doc No. 40, Exhibit A, p. 2.

Plaintiffs characterize this answer as evasive because it does not specify whether Seebauer's knowledge of Muirfield's design standards is imputable to State Farm. *Motion to Compel*, at pp. 2-3. Plaintiffs ask that this Court require defendant to answer "yes" or

"no" to the interrogatory. *Reply to Memorandum in Opposition to Plaintiffs' Motion to Compel* ("*Plaintiffs' Reply*"), Doc. No. 44, p. 4. Defendant, on the other hand, contends that it has provided truthful and complete factual information in response to the interrogatory; the legal significance of that information, defendant contends, is for plaintiffs to determine for themselves. *Defendant's Memorandum in Opposition*, p. 3.

Under Ohio law, an agent's knowledge is imputed to the principal when the agent "is acting within the scope of his authority and in reference to a matter over which his authority extends . . . ." *Fay v. Swicker,* 154 Ohio St. 341, syllabus 1 (1950). *See also Ford Motor Credit Co. v. Weaver*, 680 F.2d 451, 457 (6th Cir. 1982). Here, defendant's admitted agent, Seebauer, testified that he had knowledge of Muirfield's design restrictions. *Defendant's Memorandum in Opposition*, Exhibit A, p. 2. However, Seebauer's deposition testimony does not make clear in what capacity he obtained this knowledge and, considering the specificity and clarity of Interrogatory No. 2, plaintiffs are entitled to a specific and clear response to that interrogatory. As it relates to Interrogatory No. 2, the *Motion to Compel* is meritorious.

Plaintiffs also characterize defendant's response to Interrogatory No. 3 as inadequate. That interrogatory asks, "Did State Farm have knowledge as a result of any other claim against it since 2001 of roof damage in which a homeowner deed restriction required a roof to be replaced and not repaired?" *Motion to Compel*, p. 4. Defendant answered, "While State Farm has paid for a number of wood

5

roof repairs in the Muirfield area, it has not paid to replace a roof when only a repair could have been made." *Defendant's Memorandum in Opposition*, Exhibit A. Plaintiffs contend that further response to Interrogatory No. 2 will require further response to Interrogatory No. 3. *Motion to Compel*, p. 4. This Court disagrees. Interrogatory Nos. 2 and 3 pose different queries. Because defendant's answer to Interrogatory No. 3 is neither evasive nor incomplete, defendant need not further respond to that interrogatory.

    Document Request No. 2 of plaintiffs' *First Request for Production of Documents* seeks production of "any and all documents by and between Agent Mike McClaskie, Insurance Agency Inc. and Defendant regarding homeowner insurance for Plaintiff." *Id.*, at 4. In response, defendant indicated that it possessed no such documents. *Id.*, Exhibit A. Plaintiffs insist that there must be some documentation between McClaskie and defendant, considering that plaintiffs provided information to McClaskie and that defendant thereafter issued the insurance policy. *Id.* at p. 5.  Plaintiffs also point to a piece of correspondence between defendant and plaintiffs which indicates that a copy was provided to the McClaskie Insurance Agency, Inc. *Id.*

    In response, defendant clarifies that it is in possession of no documents between it and the Mike McClaskie Agency, Inc., that are not already in plaintiffs' possession. *Defendant's Memorandum in Opposition*, p. 5. In this regard, defendant notes that it has produced plaintiffs' claims files as well as the underwriting file for plaintiffs' policy, s*ee id.*, at 2, and the record suggests that plaintiffs are in possession of correspondence between defendant and

6

plaintiffs, upon which the insurance agency was copied, as well as a copy of the application of insurance submitted by the Mike McClaskie Insurance Agency, Inc., to defendant. *See Homeowners Application*, attached to plaintiffs' *Memorandum Contra Defendant's Motion for Summary Judgment,* Doc. No. 45.

Rule 34 of the Federal Rules of Civil Procedure requires the production of documents in the "possession, custody or control" of a party, assuming of course that the requested documents fall within the ambit of discoverable information. Fed. R. Civ. P. 34(a)(1). The documents sought by Document Request No. 2 are indisputably discoverable and defendant neither alleges nor establishes that its production of such documents would be unreasonably burdensome. Although defendant has apparently determined that plaintiffs already possess these relevant documents, that determination is for plaintiffs to make. As it relates to Request No. 2 of plaintiffs' *First Request for Production of Documents*, then, the *Motion to Compel* is meritorious.

Plaintiffs' Request No. 6 of plaintiffs' *First Request for Production of Documents* seeks "[a]ny and all documents regarding underwriting of homeowner insurance for Plaintiff." *Motion to Compel*, p. 6. In response, defendant produced computer screen print-outs characterized by defendants as plaintiffs' entire underwriting file. *Defendant's Memorandum in Opposition*, p. 5. Plaintiffs insist that, in addition, they are entitled to the production of "the guidelines for underwriting homeowner insurance particularly as to procedures in accepting a new homeowner, pricing the policy, and other

7

considerations." *Id*. at pp. 6-7. Assuming that such documents are possessed by defendant, this Court agrees that those documents are both relevant to the issues in the case and within the scope the document request. As it relates to Request No. 6 of plaintiffs' *First Request for Production of Documents*, the *Motion to Compel* is meritorious.

Request Nos. 8-10 of plaintiffs' *First Request for Production of Documents* seek all documents regarding "homeowner policies issued to homeowners in Muirfield Village since 2000," "homeowner claims of homeowners in Muirfield Village since 2000," and "cancellation of homeowner policies of homeowners in Muirfield Village since 2000." *Motion to Compel*, p. 7. Request No. 7 of plaintiffs' *Second Request for Production of Documents* seeks all documents "regarding State Farm homeowner policies issued to homeowners in Muirfield Village that relate to homeowner claims for roof damage since 2000." *Plaintiffs' Reply*, p. 7. Plaintiffs argue that the requested documents are relevant to their bad faith claim against defendant:

> It appears possible that time after time, Defendant has taken advantage of other homeowners similarly situated to Plaintiffs', [sic] and will continue to do so until someone like Plaintiffs' [sic] challenges the practice. It appears that such documents might lead to further discoverable evidence. It also appears possible that Defendant has replaced roofs in some situations, but not others, and has done so in an arbitrary fashion. It is also possible that a class-action may be discovered.

*Motion to Compel*, p. 7. Defendant maintains that these requests are not relevant to the issues in the case, are not reasonably calculated to lead to the discovery of admissible evidence and are overly

8

burdensome, overly broad and unlimited in scope. *Defendant's Memorandum in Opposition*, p. 6.

As an initial matter, discovery relating to a possible class action and defendant's alleged "tak[ing] advantage of other homeowners similarly situated to Plaintiffs[]"is simply not relevant to the claims presently asserted in this action. Second, the conclusory statement that the requested documents "might lead to further discoverable evidence" is simply not sufficient to establish that this document request falls within the ambit of discoverable information. However, plaintiffs' suggestion that "Defendant has replaced roofs in some situations, but not others, and has done so in an arbitrary fashion," *see Motion to Compel*, p. 7, is relevant to plaintiffs' bad faith claim.

"[A]n insurer has the duty to act in good faith in the handling and payment of the claims of its insured." *Hoskins v. Aetna Life Ins. Co.*, 6 Ohio St. 3d 272, 276 (1983). "An insurer's lack of good faith in the processing of a claim is frequently referred to as 'bad faith.' Such conduct gives rise to a cause of action in tort against the insurer." *Boone v. Vanliner Ins. Co.*, 91 Ohio St. 3d 209, 210 n.1 (2001) (citing *Hoskins*, at syllabus). A bad faith claim does not, however, require allegation or proof of bad intent or malice. *Zoppo v. Homestead Ins. Co.*, 71 Ohio St. 3d 552, 554-55 (1994). Rather, "[a]n insurer fails to exercise good faith in the processing of a claim of its insured where its refusal to pay the claim is not predicated upon circumstances that furnish reasonable justification therefor." *Id.* "'A lack of reasonable justification exists where an insurer refuses

9

to pay a claim in an arbitrary or capricious manner.'" *Jenkins v. State Farm Mut. Auto. Ins. Co.*, No. 11AP-1074, 2013 WL 1200246, at *8 (Ohio Ct. App. 10th Dist. Mar. 26, 2013) (quoting *Brown v. Nationwide Mut. Fire Ins. Co.*, 174 Ohio App. 3d 694 (Ohio Ct. App. 10th Dist. 2008)).

In arguing that documents related to all Muirfield Village homeowner insurance policies and claims are relevant, plaintiffs cite to *Martin v. Grange Mut. Ins. Co.*, 143 Ohio App. 3d 332 (Ohio Ct. App. 11th Dist. 2001), for the proposition that "[r]easonable justification can be considered in light of past practices." *Plaintiffs' Reply*, p. 7. *Martin* does not, however, support plaintiffs' argument because, among other reasons, the plaintiffs in *Martin* did not assert a claim of bad faith. *See id.,* at 335. Plaintiffs have not cited any other authority for the proposition that defendant's handling of other homeowner claims is relevant to whether defendant had "reasonable justification" to repair plaintiffs' roof rather than replace it, and this Court has found no such authority.[1] Plaintiffs, who allege that defendant failed to renew their policy, *see Amended Complaint*, ¶ 19, have also not demonstrated how the "cancellation" of other homeowner policies is relevant to their bad faith claim. Accordingly, as it relates to Request Nos. 8-10 of plaintiffs' *First Request for*

---

[1] Notably, plaintiffs' *Memorandum Contra Defendant's Motion for Summary Judgment*, Doc. No. 45, argues that plaintiffs' bad faith claim is premised only on defendant's non-renewal of plaintiffs' policy. *See id*. at pp. 11-14. Plaintiffs expressly preclude the possibility that their bad faith claim is premised on defendant's refusal or delay in paying a claim. *See id*. at pp. 13-14 ("In response to Defendant's anticipated response that bad faith claims are limited to cases involving refusal to or delay in paying claims, Plaintiff's [sic] submit that Ohio Courts have refused to limit insurers and consumers so narrowly.").

*Production of Documents* Request No. 7 of plaintiffs' *Second Request for Production of Documents*, the *Motion to Compel* is without merit.

Finally, Request No. 6 of plaintiffs' *Second Request for Production of Documents* seeks "'[t]he complete files (both claims and trial) of Peter M. Klein, Plaintiff in the case of A Peter M. Klein v. State Farm Case No. 06-4155' filed in the United States District Court for the Southern District of Ohio, Eastern Division, excluding objectionable privileged communications." *Motion to Compel*, p. 8. Plaintiffs again argue that the requested documents are relevant to their bad faith claim. *See id*. ("Plaintiffs' purpose in seeking the files is consistent with their reasons as stated above."). As discussed *supra*, plaintiffs have not carried their burden of proving that documents relating to other homeowner claims in Muirfield Village are relevant to plaintiffs' bad faith claim. As it relates to Request No. 6 of plaintiffs' *Second Request for Production of Documents*, the *Motion to Compel* is without merit.

Plaintiffs have also asked that they be awarded sanctions, including their attorney's fees, in connection with the *Motion to Compel*. Defendant opposes plaintiffs' request in this regard but does not seek affirmative relief on its own behalf. A court must ordinarily award a movant's reasonable expenses incurred in filing a motion to compel, including attorney's fees, if the motion to compel is granted. Fed. R. Civ. P. 37(a)(5)(A). Where, as here, the motion is granted in part and denied in part, a court is authorized to "apportion the reasonable expenses for the motion." Fed. R. Civ. P. (a)(5)(C). A court has wide discretion in determining an appropriate

sanction under Rule 37.  *National Hockey League v. Metropolitan Hockey Club,* 427 U.S. 639 (1976); *Regional Refuse Systems v. Inland Reclamation Co.,* 842 F.2d 150, 154 (6th Cir. 1988).  Considering that the parties prevailed in approximate equal degree, the Court concludes that an award of sanctions to either side would be inappropriate.

**WHEREFORE**, based on the foregoing, plaintiffs' *Motion to Compel*, Doc. No. 37, is **GRANTED in part** and **DENIED in part**.  Defendant is **ORDERED** to supplement its response to Interrogatory No. 2 and to Document Request Nos. 2 and 6 of plaintiffs' *First Request for Production of Documents* within seven (7) days of the date of this *Opinion and Order*.

Plaintiffs' request for an award of sanctions is **DENIED.**


May 9, 2013                                      *s/Norah McCann King*
                                           Norah M$^c$Cann King
                                           United States Magistrate Judge